O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE I. BONILLA, | ) | NO. CV 12-10635-JAK (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER TO SHOW CAUSE RE: |
| | ) | DISMISSAL FOR UNTIMELINESS |
| DALINDA HARMAN, CHIEF, CBU, | ) | |
| Respondent. | ) | |

Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 on December 12, 2012 ("Petition"). Petitioner alleges that: on January 7, 2009, he was convicted by a jury of several felonies, including corporal injury to a cohabitant, assault, and dissuading a witness; and on April 22, 2009, he was sentenced to six years in state prison. (Petition at 2.) Petitioner further alleges that: he appealed his conviction; the California Court of Appeal affirmed the judgment on April 25, 2011, and the California Supreme Court denied review on July 13, 2011; and he has not sought state habeas relief. (Petition at 2-3.)

The Petition alleges five claims attacking the validity of Petitioner's 2009 state court conviction. Petitioner alleges that he raised Grounds One and Two in his state appeal, but that Grounds Three through Five have not been presented to any state court.[1]

A review of the California Department of Corrections & Rehabilitation ("CDCR") website, Inmate Locator function, confirms that Petitioner -- although presently incarcerated at a facility in Arizona -- remains within the custody of the CDCR. Such review also confirms that Petitioner has named an appropriate Respondent, namely, the Chief of the CDCR's Contract Beds Unit, the CDCR unit that oversees the transfer of California inmates to other states to relieve overcrowding in California prisons.

The Petition bears a November 29, 2012 signature date and contains a proof of service form, signed under penalty of perjury, stating that the Petition was mailed on that date. The envelope in which the Petition was sent to the Court is postmarked December 3, 2012, and the Clerk's Office received and lodged the Petition on December 7, 2012. Pursuant to the "mailbox rule," the Court will deem the Petition to have

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the official dockets of the California Court of Appeal and the California Supreme Court available electronically at http://appellatecases.courtinfo.ca.gov. Those dockets confirm the Petition's allegations regarding the dates on which the state courts acted in connection with Petitioner's appeal and that Petitioner has not sought state habeas relief in either the California Court of Appeal or the California Supreme Court.

been "filed" on November 29, 2012.²

**DISMISSAL APPEARS WARRANTED DUE TO UNTIMELINESS**

Petitioner admits that the Petition contains three unexhausted claims. (Petition at 6.) Thus, the Petition is "mixed." While a "mixed" federal habeas petition generally must be dismissed, dismissal can be avoided if a petitioner exercises one of the options available to him, such as voluntarily dismissing the unexhausted claims and proceeding on the exhausted claims, or seeking a stay of the federal action while he pursues exhaustion. If this action were to proceed, Petitioner would be entitled to exercise one of his available options in the light of the "mixed" nature of the Petition. However, doing so would be inappropriate and unwarranted if this action is untimely. For the reasons set forth below, it is plain that the Petition is untimely.

*The Accrual And Running Of Petitioner's Limitations Period:*

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1). The California Supreme Court denied review on July 13, 2011, and there is no evidence that Petitioner sought a writ of *certiorari* in the United States Supreme Court. Accordingly, Petitioner's state conviction became "final" 90 days later, *i.e.*, on

---

² "Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); *see also* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

1  October 11, 2011.  *See* 28 U.S.C. § 2244(d)(1)(A); <u>Zepeda v. Walker</u>, 581
2  F.3d 1013, 1016 (9th Cir. 2009).  Therefore, Petitioner had until
3  October 11, 2012, to file a timely federal habeas petition.  As the
4  instant Petition was not "filed" until November 29, 2012, it was
5  untimely, absent an application of tolling sufficient to render it
6  timely.

*Statutory Tolling:*

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court.  Additionally, in appropriate circumstances, applications for state post-conviction relief filed in an upward progression may be deemed "pending" under Section 2244(d)(2) "even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay."  <u>Biggs v. Terhune</u>, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also* <u>Carey v. Saffold</u>, 536 U.S. 214, 217-25, 122 S. Ct. 2134, 2137-41 (2002)(for purposes of California's "original" habeas petition system, "pending" covers the time between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court").

Petitioner has not sought state post-conviction relief. Accordingly, he may not receive Section 2244(d)(2) statutory tolling, and his limitations period commenced following the finality of his appeal and expired over a month and a half before he signed and mailed the instant Petition.

*Equitable Tolling:*

The Supreme Court has made clear that the one-year limitations period established by Section 2244(d)(1) may be equitably tolled in appropriate circumstances. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560-62 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g.,* Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009)(characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)("equitable tolling is unavailable in most cases"). "Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)(internal quotation marks and citation omitted); *see also* Lakey, 633 F.3d at 786 (noting the "necessity" of a "high threshold" for application of the equitable tolling doctrine).

As the Supreme Court has explained, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (citation omitted); *see also* Pace v. DiGuglielmo, 544 U.S. 408, 418 and n.8, 125 S. Ct. 1807, 1814 and n.8 (2005). Both elements must be met. *Id.* at 418, 125 S. Ct. at 1814-15 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.; see also* Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085

(2007)(observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Petitioner has not alleged any basis for applying the equitable tolling doctrine, and none is apparent. The first two claims of the Petition were fully briefed by appellate counsel as of early 2011, at the latest, and could have been raised in a federal habeas petition as of July 2011. The ineffective assistance claims alleged in Grounds Three and Four are based on information that should and/or could have been known to Petitioner some time ago. The "actual innocence" claim alleged in Ground Five is based on facts known to plaintiff at the time of his trial. Thus, it is unclear why Petitioner delayed in seeking federal habeas relief. It is clear, however, that his delay has rendered the Petition untimely.

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. <u>Day v. McDonough</u>, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006); <u>Wentzell v. Neven</u>, 674 F.3d 1124, 1126 (9th Cir. 2012). Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. **By no later than February 21, 2013**, Petitioner shall file a response to this Order To Show Cause. If Petitioner concedes that this action is untimely, he shall state this concession clearly. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely, and provide any available competent evidence that establishes the timeliness of this action.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action is untimely and may be dismissed on that ground.**

IT IS SO ORDERED.

DATED: January 17, 2013.

                                                                  /s/ Margaret A. Nagle
                                                            _____
                                                               MARGARET A. NAGLE
                                                         UNITED STATES MAGISTRATE JUDGE